# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **LARRY G. PHILPOT,** ) | Case No: **5:17-CV-173-JMH** |
| ) | |
| **Plaintiff** ) | **Judge Joseph M. Hood** |
| ) | **Magistrate Judge Edward B. Atkins** |
| **vs.** ) | |
| ) | |
| **L.M. COMMUNICATIONS II OF S.C., INC.,** ) | **PLAINTIFF LARRY G. PHILPOT'S** |
| ) | **MOTION FOR SANCTIONS AGAINST** |
| **Defendant.** ) | **DEFENDANT L.M. COMMUNICATIONS** |
| ) | **II OF S.C., INC.** |

Pursuant to Federal Rule of Civil Procedure 26 and 37, as well as the inherent powers of this Court, Plaintiff Larry Philpot ("Philpot") hereby moves for an order either awarding summary judgment in his favor on his claims and Defendant L.M. Communications II of S.C., Inc. ("LMC")'s counterclaims,[1] an adverse inference that LMC infringed his copyright and deleted copyright management information, or otherwise granting significant sanctions to punish and deter LMC's spoliation of evidence critical to Philpot's claims.

Such spoliation is more fully articulated in the supporting memorandum attached hereto, and counsel's efforts to resolve this dispute are certified in the attached Supplemental Affidavit of Stacy A. Cole as well as the affidavit of counsel, Stacy A. Cole, attached to Plaintiff's Memorandum in Opposition to Defendant's Motion for Sanctions and Plaintiff's Request for Attorneys' Fees, at Doc. 37-2.

---

[1] Philpot is separately and contemporaneously filing his Motion for Summary Judgment in accordance with this Court's Scheduling Order.

1

<div style="display: flex; justify-content: space-between;">

<div>

*Of Counsel:*

GRAYDON HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH  45202
Phone:   (513) 621-6464
Fax:       (513) 651-3836

</div>

<div>

Respectfully submitted,

*/s/ Stacy A. Cole*
**Stacy A. Cole** (94181)
**Shannon O. Egan** (87296)
**J. Stephen Smith** (86612)
*Counsel for Plaintiff*
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Dr., Suite 300
Ft. Mitchell, KY 41017
Phone:   (513) 629-2838
Fax:       (513) 333-4358
E-mail:   scole@graydon.law
              segan@graydon.law

</div>

</div>

**MEMORANDUM IN SUPPORT**

I. **FACTUAL BACKGROUND**.

Defendant L.M. Communication II of S.C., Inc. ("LMC") copied and posted Plaintiff Larry Philpot's ("Philpot") copyrighted photograph of Willie Nelson (the "Nelson photo") on its website without Philpot's permission. And, LMC did so to promote an upcoming concert for its paying client, AEG Live New York. Philpot provides a limited license to the Nelson photo through Creative Commons under the express condition that any person publishing the Nelson photo provide specific attribution to Philpot. Here, LMC rejected the license and, on March 31, 2014, posted the Nelson photo on its website at 1055thebridge.com on the Events Calendar to promote a May 8, 2014 concert. (*See* Lynn Martin Dep. ("Martin Dep.," at 96).[2] LMC posted the Nelson photo without providing attribution to Philpot and without the copyright management information ("CMI") that appears with the original online.

Shortly after LMC received notification from Philpot that its posting of the Nelson photo was an illegal theft of Philpot's copyrighted material, LMC destroyed the evidence. LMC deleted the Nelson Photo from its website and deleted every native and/or electronic version of the Nelson Photo it posted on its website. LMC has, in fact, not produced any copy or even a screen shot of the post. (*See* Affidavit of Stacy Cole ("Cole Aff. I"), filed as Exhibit B to Philpot's Response in Opposition to LMC's Motion for Sanctions, Doc. 37-1; *see also* Supplemental Affidavit of Stacy Cole ("Cole Aff. II"), attached hereto as Exhibit A.) The only copy that exists is that produced by Philpot.

---

[2] Excerpts from the Lynn Martin deposition, which are cited herein, are being filed with Philpot's Motion for Summary Judgment (the "MSJ").

LMC's former employee, Kelly Bazzle, who deleted the post, admitted both that the Nelson Photo was posted and that *the photo contained credit*:

> It was a website event post, not a FB post. I have some of the screen shots from the post and from the backend of the site before I deleted it. It's no longer up on our site at all. It would have had to been searched after May 8th because the event had passed. ***The image was on the Wikipedia site as well, and there's credit given to the photographer on that site.***
> http://en.wikipedia.org/wiki.Willie_Nelson
> http://commonswikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009.jpg
> I don't know what other info I can give, we just need to talk to JBT about it and see if she posted and why she thought it was ok to use this picture. Thanks Ash!

(*See* Exhibit 4 to the Martin Dep., at LMLP000005 (emphasis added), attached to the MSJ.)

As set forth below, Philpot is entitled to sanctions for LMC's intentional spoliation of evidence that is critical to Philpot's claims.

## II.   LAW AND ARGUMENT.

A court may sanction a party who destroys evidence in anticipation of litigation. *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009) (en banc). Sanctions may include "dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Id.* District courts retain broad discretion in choosing an appropriate sanction for established spoliation and should mold any sanction "to serve the prophylactic, punitive, and remedial rationales" underlying the spoliation doctrine. *Id.* Indeed, spoliation sanctions "should serve both fairness and punitive functions." *Id.*, at 652, citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995). Thus, an appropriate sanction will both "level[] the evidentiary playing field and sanction[] the improper conduct." *Id.* Recognizing that a failure to produce relevant evidence falls "along a continuum of fault — ranging from

4

innocence through degrees of negligence to intentionality," a sanction may correspond to the non-disclosing party's fault. *Id.* (citation and internal quotation marks omitted).

To obtain a sanction for spoliation against LMC for destroying the evidence of its illegal conduct, Philpot must demonstrate the existence of three conditions. *Byrd v. Alpha Alliance Ins. Corp.*, 518 Fed. Appx. 380, 383-84 (6th Cir. 2013) (*citing Beaven v. United States DOJ*, 622 F.3d 540, 553 (6th Cir. 2010)).  First, Philpot must show that LMC, which possessed the Nelson photo that it stripped of Philpot's CMI and its post that contained the illegal use of the Nelson photo (collectively, the "Evidence"), was obligated to preserve this Evidence when it was destroyed. *Id.* a*t* 384. Second, Philpot must demonstrate that this Evidence was destroyed with a culpable state of mind. *Id.* Third, Philpot must show that the destroyed Evidence must have been relevant to his claims against LMC. *Id.*

### A. *LMC Knew the Evidence Would Be Relevant to Future Litigation.*

A party has an obligation to preserve evidence when it should know that the evidence might be relevant to future litigation. *Byrd*, 518 Fed. Appx. at 384. (citation and internal quotation marks omitted). Here, LMC *knew* of probable litigation on November 28, 2014 – the date it received Philpot's November 18, 2014 letter (the "Letter"). (*See* Philpot's November 18, 2014 letter[3] and LMC's response, Exhibits 5 and 6, respectively, to the Martin Dep., attached to the MSJ as Exhibit 3.)  LMC thus had an obligation, as of November 28, 2014, to preserve the offending Nelson photo, the post at issue in this case, and any and all relevant emails and other documents.

---

[3] This letter has been redacted to exclude the portion is subject to Fed. R. Evid. 408.

5

In fact, Philpot not only made LMC aware of possible litigation, *he warned them to preserve evidence*:

> I also must advise you at this point that, under the Federal Rules of Civil Procedure as interpreted by courts in the Southern District of Indiana, LM Communications must take immediate steps to assure that information (both in paper and electronically-stored form) relating to the use of my image is not altered, deleted, or otherwise tampered with. Accordingly, please construe this letter as a formal notice of your company's continuing legal obligation to preserve all such information until further advised.

(Exhibit 5 to the Martin Dep.)

### B. *LMC Destroyed Evidence with a Culpable State of Mind.*

The second condition of any spoliation claim demands proof that the offending party with a culpable state of mind. That is, LMC must have "knowingly or negligently" destroyed the evidence at issue. *Id.* Culpable destruction occurs "knowingly, even if without [an] intent to breach a duty to preserve." *Beaven*, 622 F.3d at 554.

Here, LMC's former employee, Kelly Bazzle, *admits* she knowingly deleted the post and the Nelson photo from LMC's website. (Exhibit 4 to Martin Dep., at LMLP000005, attached to the MSJ as Exhibit 3.) While Ms. Bazzle's email referenced screenshots of the post, to date those have never been produced despite repeated requests. (*See* Cole Affs. I and II.)

Moreover, and despite receiving Philpot's November 18, 2014, LMC admits it took *absolutely no steps* to preserve the offending post, Philpot's photographs used for the offending post, any relevant emails, or even the screenshots *taken by LMC* that document their illegal conduct. (Martin Dep., at 117-119, attached to the MSJ.) LMC, thus, destroyed evidence after receiving Philpot's Letter with a "culpable state of mind" as defined under *Byrd* and *Beaven*.

6

### C. *LMC's Destroyed Evidence is Relevant to Philpot's Claims.*

LMC's destroyed Nelson photo, post, and relevant emails could not be more critical to Philpot's claims. The very crux of Philpot's claims is LMC's impermissible and illegal use of the Nelson photo, stripped of metadata – which is central to Philpot's claim for Removal of Copyright Management Information, 17 U.S.C. § 1202(b)(1).

The Western District of Kentucky in *Rhodes v. Risinger Bros.*, Transfer, No. 3:12:CV-00863-CRS-CHL, 2016 U.S. Dist. LEXIS 116083(W.D. Ky. Aug. 29, 2016), recently granted a motion for spoliation of evidence under similar circumstances. In *Rhodes*, a tractor trailer repair company (Intermodal) moved for summary judgment against the trucking company (Risinger) on Risinger's third-party complaint that asserted Intermodal's defective repair of the tractor trailer caused the underlying accident at issue. *Id.* at *1-*4. Risinger, however, destroyed the trailer parts that were critical to Risinger's claims against Intermodal. *Id.* at *3. The Western District of Kentucky found that Risinger's destruction of such critical evidence sufficient to award Intermodal summary judgment:

> "Here, Risinger's failure to keep the trailer's wheel, tire, lug nuts, lug studs, and wheel end components that were accessible after the accident is highly prejudicial to Intermodal. Without these trailer parts, the cause of the accident cannot be determined. The lack of available evidence also prevents Intermodal…from developing its defenses. Thus, the Court finds that the substantial prejudice to Intermodal resulting from Risinger's failure to keep critical evidence provides additional and alternative grounds for a grant of summary judgment." *Id.* at *16.

Just as in *Rhodes*, LMC spoliated evidence when it destroyed the Nelson photo, the post at issue, and relevant emails *after* receiving Philpot's Letter. LMC cannot enjoy the disadvantage of Philpot pursuing his claims without this critical evidence. Equity demands that this Court

7

award Philpot summary judgment on his claims based on LMC's intentional and egregious spoliation of evidence.

### III. CONCLUSION.

For the reasons stated herein, Plaintiff Larry Philpot respectfully requests that this Court order an award of summary judgment in his favor on his claims and Defendant L.M. Communications II of S.C., Inc.'s counterclaims, an adverse inference that LMC deleted copyright management information, or otherwise granting significant sanctions to punish and deter LMC's spoliation of evidence critical to Philpot's claims.

Respectfully submitted,

*Of Counsel:*

GRAYDON HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 621-6464
Fax: (513) 651-3836

/s/ *Stacy A. Cole*
**Stacy A. Cole** (94181)
**Shannon O. Egan** (87296)
**J. Stephen Smith** (86612)
*Counsel for Plaintiff*
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Dr., Suite 300
Ft. Mitchell, KY 41017
Phone: (513) 629-2838
Fax: (513) 333-4358
E-mail: scole@graydon.law
             segan@graydon.law

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was filed on February 16, 2018 via the CM/ECF system that will send electronic notification to the following counsel of record:

William W. Allen
GESS MATTINGLY & ATCHISON, P.S.C.
201 West Short Street
Lexington, Kentucky 40507-1269
E-Mail: wallen@gmalaw.com
*Counsel for Defendant*

                                          */s/ Stacy A. Cole*
                                          **Stacy A. Cole** (94181)