IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| LARRY G. PHILPOT, | Case No: 5:17-CV-173-JMH |
| Plaintiff | Judge Joseph M. Hood |
| | Magistrate Judge Edward B. Atkins |
| vs. | |
| L.M. COMMUNICATIONS II OF S.C., INC., | PLAINTIFF LARRY G. PHILPOT'S |
| | MOTION IN LIMINE TO PRECLUDE |
| Defendant. | PRIOR SETTLEMENT/LICENSE |
| | AGREEMENTS |

Plaintiff Larry Philpot ("Philpot") hereby moves the Court to preclude any questions, comments, or the introduction of evidence of past unrelated litigation and settlement agreements ("Motion"). Such evidence is irrelevant and its probative value, if any, is substantially outweighed by the danger of unfair prejudice.

Defendant L.M. Communications II of S.C., Inc. ("Defendant") has sought, through discovery, settlement and/or license agreements between Philpot and other infringers or licensees of Philpot's copyrighted materials entirely unrelated to the case at bar. Defendant should be precluded from introducing this evidence for purposes of dispositive motions, at hearings, and at trial because it is irrelevant under Federal Evidence Rule 402. These agreements relate to entirely different matters, involve different parties and different facts, and in some cases analyze different copyrighted materials. Other federal courts have followed suit – holding that *communications between a licenser and other customers for other copyrighted products are irrelevant*. Wall Data Inc. v. L.A. Cty. Sheriff's Dep't, 447 F.3d 769, 783 (9th Cir. 2006) (emphasis added).

1

Moreover, any probative value of evidence of Philpot's settlement agreements entirely unrelated to Defendant, Defendant's infringement of the Nelson photo, or even the Nelson photo in general, is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. These agreements have absolutely no bearing and add zero probative value to the ultimate issue in this case – whether *Defendant's* use of the Nelson photo (and subsequent failure to preserve *any* of the relevant evidence) violated applicable law. Even the counterclaims in this case – declaratory judgment, abuse of process, and malicious prosecution – hinge on what occurred with respect to the claims at issue *here*. Evidence of other settlements or license agreements have no relevance even to Defendant's counterclaims.

The *only* practical reason Defendant would seek to introduce these agreements would be to do *exactly* what Fed. R. Evid. 403 prohibits – to create unfair prejudice against Philpot because of prior litigation (also in violation of Fed. R. Evid. 404(a)(1)), to confuse the actual issues in this case, to mislead the jury as to whether Defendant's illegal conduct harmed Philpot, or to waste this Court's time rehashing prior unrelated settlement agreements. This evidence must be precluded under Fed. R. Evid. 403. It is the trier of fact's responsibility to find whether Defendant's impermissible use of Philpot's Nelson photo, and Defendant's subsequent failure to preserve evidence related to this impermissible use, violated federal law.

Philpot respectfully requests that the Court grant this Motion in Limine to prevent irrelevant and highly prejudicial evidence from being presented to the jury. Any evidence of Philpot's agreements with *other* parties, involving *other* copyrighted material, which may have led to *other* litigation, is irrelevant to the jury's duty and can only be construed as an attempt by

Defendant to impugn Plaintiff's character, confuse the issues, and mislead the finder of fact. Such evidence is irrelevant and any probative value is substantially outweighed by the danger of prejudice to Philpot, and this Court should exclude it.

                              Respectfully submitted,

*Of Counsel:*                            /s/ *Stacy A. Cole*
                                         **Stacy A. Cole** (94181)
                                         **Shannon O. Egan** (87296)
GRAYDON HEAD & RITCHEY LLP      **J. Stephen Smith** (86612)
312 Walnut Street, Suite 1800           *Counsel for Plaintiff*
Cincinnati, OH  45202                    GRAYDON HEAD & RITCHEY LLP
Phone:   (513) 621-6464                 2400 Chamber Center Dr., Suite 300
Fax:       (513) 651-3836                  Ft. Mitchell, KY 41017
                                         Phone:   (513) 629-2838
                                         Fax:       (513) 333-4358
                                         E-mail:   scole@graydon.law
                                                        segan@graydon.law

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was filed on February 16, 2018 via the CM/ECF system that will send electronic notification to the following counsel of record:

William W. Allen
GESS MATTINGLY & ATCHISON, P.S.C.
201 West Short Street
Lexington, Kentucky 40507-1269
E-Mail: wallen@gmalaw.com
*Counsel for Defendant*

                                         /s/ *Stacy A. Cole*
                                         **Stacy A. Cole** (94181)

8305372.2