# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| **LARRY G. PHILPOT,** | ) | **Case No: 5:17-CV-173-JMH** |
| | ) | |
| **Plaintiff** | ) | **Judge Joseph M. Hood** |
| | ) | **Magistrate Judge Edward B. Atkins** |
| **vs.** | ) | |
| | ) | |
| **L.M. COMMUNICATIONS II OF S.C., INC.,** | ) | **PLAINTIFF LARRY G. PHILPOT'S** |
| | ) | **PROPOSED JURY INSTRUCTIONS** |
| **Defendant.** | ) | |

Plaintiff Larry Philpot ("Plaintiff") hereby submits his proposed jury instructions and requests that the same be included in the Court's charge to the jury at trial.  Plaintiff also attaches a proposed verdict form.

Respectfully submitted,

*Of Counsel:*

*/s/ Stacy A. Cole*
**Stacy A. Cole** (94181)
**Shannon O. Egan** (87296)
GRAYDON HEAD & RITCHEY LLP
**J. Stephen Smith** (86612)
312 Walnut Street, Suite 1800
*Counsel for Plaintiff*
Cincinnati, OH  45202
GRAYDON HEAD & RITCHEY LLP
Phone:   (513) 621-6464
2400 Chamber Center Dr., Suite 300
Fax:        (513) 651-3836
Ft. Mitchell, KY 41017
Phone:   (513) 629-2838
Fax:        (513) 333-4358
E-mail:   scole@graydon.law
                segan@graydon.law

## INSTRUCTION NO. 1

## __INTRODUCTION__

Members of the Jury:  you have heard the evidence and the arguments of counsel.  It is now the duty of the court to instruct you on the law which applies to this case.  The court and jury have separate functions.  You decide the disputed facts and I give the instructions of law.

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

It is your sworn duty to accept these instructions and to apply the law as it is given to you.  You are not permitted to change the law nor to apply your own idea of what you think the law should be.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.[1]

This is a case about the alleged infringement of plaintiff's copyright by defendant.

The term "copyright" is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. The term is derived from the fact that such an author has the exclusive right to copy the work, and therefore may exclude others from copying the work.

The term "author" generally is used to refer to a writer. As used in the law of copyright, however, the term embraces any creator of an original work protected by the copyright laws. The author of a copyrighted work is the owner of the copyright in that work. The term "owner" also includes any person to whom the author may assign, sell, lease, or otherwise transfer the copyright. The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period.

The term "work" refers to any material that is subject to protection under the copyright laws, including a photograph, or literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, and so on.  Only the copyright in a photograph is at issue in this case.[2]

A copyright owner, whether author, joint author, assignee, or licensee, is entitled to exclude others from copying the work. The copyright owner therefore has an exclusive right to

---

[1] 4-71 Modern Federal Jury Instructions-Civil P 71.01 (2018).
[2] 4-86B Modern Federal Jury Instructions-Civil P 86B.01 (2018); 17 U.S.C. §§ 101, 106.

reproduce, distribute, perform, display, prepare derivative works, or otherwise use the copyrighted work for a specific period. The copyright owner may enforce this right of exclusive use in an action for copyright infringement.[3]

Copyright automatically exists in an original work the moment it is created. A copyright owner may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. Failure to obtain registration of the copyright, however, has no effect on the validity of the copyright or the owner's rights under the copyright.[4]

## INSTRUCTION NO. 2

## <u>BURDEN OF PROOF</u>

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a preponderance of the evidence.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the

---

[3] *Id.*
[4] *Id.*; 17 U.S.C. §§ 209, 410(c).

relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims.

If upon a consideration of all the facts on the issue of whether defendant infringed on plaintiff's copyright, you find that the plaintiff has failed to sustain the burden cast upon him, then you should proceed no further and your verdict must be for the defendant.  If, however, you find that the plaintiff has sustained his burden on this issue, then you should proceed to consider the issue of whether defendant met its burden of proof to establish its affirmative defenses by a preponderance of the evidence.

If you determine that the defendant has sustained its burden of establishing the affirmative defense, then you should proceed no further and your verdict must be for the defendant.  If, however, you find that the plaintiff has established the essential elements of his case and that the defendant has not sustained its burden of the affirmative defense, then you should find for the plaintiff.[5]

## INSTRUCTION NO. 3

## <u>EVIDENCE</u>

There are two types of evidence which you may properly use in reaching your verdict.

---

[5] 4-73 Modern Federal Jury Instructions-Civil P 73.01 (2018); *Williams v. Eau Claire Public Schools*, 397 F.3d 441 (6th Cir. 2005); *Disner v. Westinghouse Electric Corp.*, 726 F.2d 1106 (6th Cir. 1984).

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but

simply requires that your verdict must be based on a preponderance of all the evidence presented.[6]

## INSTRUCTION NO. 4

## <u>INFERENCE DEFINED</u>

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.[7]

---

[6] 4-74 Modern Federal Jury Instructions-Civil P 74.01 (2018); *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960).

## INSTRUCTION NO. 5

### INFERENCE – DEFENDANT'S FAILURE TO PRODUCE EVIDENCE

You have heard testimony about evidence which has not been produced by the defendant; namely, the original, electronic website post that the plaintiff alleges the defendant posted on its website and which is at issue in this case. The Court has previously found that this evidence was in the defendant's control and would have proven facts material to the matter in controversy. You are instructed to infer that this evidence would have been unfavorable to the defendant.[8]

## INSTRUCTION NO. 6

### PRESUMPTION

You have heard arguments by counsel which call on you to make certain presumptions.

What is a presumption? A presumption requires you to find one fact from the existence of another fact. The law presumes that if plaintiff has proved to your satisfaction that he has a federal copyright registration for the photo at issue, then the plaintiff owns a valid copyright in the photo at issue.[9]

Before you may find the presumed fact to exist, you must determine whether the underlying fact that plaintiff has a federal copyright registration for the photo at issue has been proved. Only if you find the basic fact to exist will the presumption operate to require you to find that the presumed fact – that plaintiff owns a valid copyright – also was proved.

---

[7] 4-75 Modern Federal Jury Instructions-Civil P 75.01 (2018); *Schulz v. Pennsylvania R. Co.*, 350 U.S. 523, 526 (1956); *Lavender v. Kurn*, 327 U.S. 645, 653 (1946).
[8] *Id.*, as modified as a mandatory spoliation instruction under *Flagg v. City of Detroit*, 715 F.3d 165, 177–178 (6th Cir. 2013).
[9] 17 U.S.C. § 410.

The mere existence of a presumption never shifts the burden of proof. In this case, even if you find the basic fact that compels you to find the presumed fact, the burden of proof still remains on the plaintiff to prove all the elements of his claim. The presumptive fact, therefore, would only be a circumstance to be considered along with all of the other circumstances in this case in deciding the issue of liability.[10]

## INSTRUCTION NO. 7

## <u>WITNESS CREDIBILITY</u>

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—

---

[10] 4-75 Modern Federal Jury Instructions-Civil P 75.02 (2018); *Ulster County Court v. Allen*, 442 U.S. 140, 157–159 (1979).

that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all of the other evidence in the case.

Always remember that you should use your common sense, your good judgment, and your own life experience.[11]

## INSTRUCTION NO. 8

## <u>DISCREPANCIES IN TESTIMONY</u>

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

---

[11] 4-76 Modern Federal Jury Instructions-Civil P 76.01 (2018); *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 794 (6th Cir. 1996).

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.[12]

## INSTRUCTION NO. 9

## <u>COPYRIGHT INFRINGEMENT – GENERAL</u>

In this case, the plaintiff, Larry Philpot, seeks to recover money damages from the defendant, LM Communications II of South Carolina, for what the plaintiff claims to be copyright infringement.  The defendant denies infringing the copyright.  The legal principles regarding the law of copyright infringement discussed in these instructions result from attempts to balance certain conflicting policy objectives. On the one hand, the creator of an original work has the right to reap the benefits of his or her creativity and effort. On the other hand, progress requires that everyone have the right to develop and create new works using the

---

[12] *Id.*; *Quock Ting v. United States*, 140 U.S. 417, 420–421 (1891).

same ideas and subjects. The copyright law attempts to strike a balance between these two values, protecting so much of the author's original work as embodies the author's own particular form of expression, but not so much as would prevent others from using the same ideas, themes, and subjects in their own forms of expression.

Because of the conflicting policy objectives involved in cases of this type, each case must be decided largely on its specific facts. You, the jury, are the judge of the facts.[13]

## INSTRUCTION NO. 10

## <u>COPYRIGHT INFRINGEMENT – ELEMENTS</u>

In this case, the plaintiff claims that the defendant has infringed the plaintiff's copyright in plaintiff's photograph of Willie Nelson.  To find liability for copyright infringement, you, the jury, must find from a preponderance of the evidence that:

(1) the plaintiff is the owner of a valid copyright in the photo; and

(2) the defendant copied original elements of the photo.

If you find that the plaintiff has proved these elements by a preponderance of the evidence, you may then find the defendant liable for copyright infringement.[14]

## INSTRUCTION NO. 11

## <u>COPYRIGHT INFRINGEMENT – COPYING / ACCESS</u>

The plaintiff may demonstrate copying by direct or circumstantial evidence. An example of direct evidence of copying would be an admission by the defendant or one of its agents or employees that the photo was copied by the defendant. The lack of any direct evidence of

---

[13] 4-86B Modern Federal Jury Instructions-Civil P 86B.02 (2018); *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir.), *cert. denied*, 469 U.S. 982 (1984).

[14] 4-86B Modern Federal Jury Instructions-Civil P 86B.02 (2018); *Feist Publications v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991); *Smith v. Barnesandnoble.com, LLC*, 839 F.3d 163, 166 (2d Cir. 2016).

copying, however, is the norm in a copyright infringement action, so that such an absence of proof does not require you to find for the defendant.

Circumstantial evidence of copyright infringement means the proof of facts that support or require a logical inference that copying must have taken place. If you find by a preponderance of the evidence that: (1) the defendant had access to the photo; and (2) there are substantial similarities between the defendant's work and original elements of the photo, you are instructed to find copying.

**Access to Plaintiff's Work**. On the subject of access, the plaintiff must demonstrate that the creator of the defendant's work had a reasonable opportunity to view the photo. The plaintiff need not prove that the defendant actually saw the photo, but only that the defendant had some reasonable opportunity to do so.[15]

## INSTRUCTION NO. 12

## <u>COPYRIGHT INFRINGEMENT – VICARIOUS INFRINGEMENT</u>

A person is liable for copyright infringement committed by another if the person has a financial interest and the right and ability to supervise the infringing activity, irrespective of whether the person had knowledge of the infringement.  This kind of copyright infringement is referred to as vicarious infringement.

To demonstrate vicarious infringement on the defendant's part, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

(1) the plaintiff is the owner of a valid copyright;

---

[15] *Id.*; *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir. 1984), *cert. denied*, 469 U.S. 982 (1984).


(2) someone under the supervision of the defendant copied original elements of the copyrighted work;

(3) the defendant had a financial interest in the infringing activity of that person; and

(4) the defendant had the right and ability to supervise the infringing activity of that person.[16]

## INSTRUCTION NO. 13

## COPYRIGHT INFRINGEMENT – CONTRIBUTORY INFRINGEMENT

The defendant is liable for copyright infringement committed by another if it knows or should have known of the infringing activity and induces, causes, or materially contributes to the activity.  This kind of copyright infringement is referred to as contributory infringement.

To demonstrate contributory infringement on the defendant's part, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

(1) the plaintiff is the owner of a valid copyright;

(2) a third party, the defendant's website host Intertech Technology, copied original elements of the copyrighted work;

(3) the defendant knew or should have known of the infringing activity Intertech; and

(4) defendant induced, caused, or materially contributed to the infringing activity of Intertech.[17]

---

[16] *Id.*; *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 437–38 (1984).
[17] 4-86B Modern Federal Jury Instructions-Civil P 86B.02 (2018); *see also Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007).

## INSTRUCTION NO. 14

### <u>COPYRIGHT INFRINGEMENT – LICENSE DEFENSE</u>

A valid license is an affirmative defense to copyright infringement.  The defendant claims that the plaintiff granted it a license to use the plaintiff's copyrighted work. A license is a contract giving someone permission to use the work.[18]

To demonstrate a valid license, the defendant has the burden of proving its defense of a license by a preponderance of the evidence that the plaintiff granted it a license, or permission, to use the photo, that defendant adhered to all terms of that license, and that defendant did not exceed the scope of the license.

If you find that the defendant was not granted a license, did not adhere to the license terms, or exceeded the terms of the license, you must find that the defendant has failed to meet its burden of proof to establish this defense to copyright infringement.[19]

## INSTRUCTION NO. 15

### <u>COPYRIGHT INFRINGEMENT – FAIR USE DEFENSE</u>

Although the defendant acknowledges copying original elements of the plaintiff's work, the defendant contends that this copying is nevertheless not copyright infringement because it falls within the "fair use" doctrine. "Fair use" of a copyrighted work means the use of the work, or some portion of it, for the purposes of criticism, comment, news reporting, teaching, scholarship, or research.  If the defendant's activities fall within this fair use exception, there is no copyright infringement, and you are instructed to find for the defendant.  In determining

---

[18] 11th Cir. Modern Federal Jury Instructions-Civil 9.27 (2018).
[19] *Sony/ATV Publ'g, Ltd. Liab. Co. v. Marcos*, 651 F. App'x 482, 485 (6th Cir. 2016).

whether the use made of the work by the defendant falls within this fair use defense, you must consider the following factors:

(1) the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

(4) the effect of the use on the potential market for or value of the copyrighted work; and

(5) any other factors that bear on the issue of fair use.

The defendant has the burden of proving this defense by a preponderance of the evidence.[20]

## INSTRUCTION NO. 16

## <u>COPYRIGHT INFRINGEMENT – STATUTORY DAMAGES[21]</u>

If you find for the plaintiff on his copyright infringement claim, you must determine the damages to which the plaintiff is entitled. The plaintiff seeks a statutory damage award, established by Congress for the work infringed.  Its purpose is not only to compensate the plaintiff for his losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

---

[20] 4-86B Modern Federal Jury Instructions-Civil P 86B.03 (2018).

[21] *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) (copyright plaintiff has right under Seventh Amendment to jury trial as to both eligibility and amount of statutory damages); 3 Nimmer & Nimmer, Nimmer on Copyright § 14.04 (Matthew Bender Rev. Ed.); 4-86B Modern Federal Jury Instructions-Civil P 86B.04 (2018).

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

But if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.[22]

**Innocent Infringement.**  An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

(1) the defendant was not aware that [his] [her] [its] acts constituted infringement of the copyright; and

(2) the defendant had no reason to believe that its acts constituted an infringement of the copyright.[23]

**Willful Infringement.**  An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

(1) the defendant engaged in acts that infringed the copyright; and

(2) the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.[24]

---

[22] 9th Cir. Modern Federal Jury Instructions-Civil 17.35 (2018).
[23] *Id*. at 17.36.
[24] *Id*. at 17.37.

## INSTRUCTION NO. 17

## COPYRIGHT INFRINGEMENT – DMCA/DAMAGES

The plaintiff also seeks damages against the defendant for violation of a federal law known as the Digital Millennium Copyright Act, which I will refer to as the "DMCA." The plaintiff specifically claims that the defendant violated the DMCA by removing or altering or providing false copyright management information. I will explain this to you in a moment.

The plaintiff has the burden of proof by a preponderance of the evidence as I have explained that term to you.

"Copyright management information" means any of the following information conveyed in connection with copies of a work, including in digital form:

(1) the title and other information identifying the work, including the information set forth on a notice of copyright;

(2) the name of, and other identifying information about, the author of a work;

(3) the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright;

(4) terms and conditions for use of the work; and

(5) identifying numbers or symbols referring to such information or links to such information.

In this case, the plaintiff contends that the defendant removed the following copyright management information, namely:

(1) the attribution required, "Photo by Larry Philpot, www.soundstagephotography.com";

18

(2) the name of the image, "Willie Nelson getting ready to perform";

(3) the date and time of the image, 23:34, 4 October 2009;

(4) the name of the file, "Willie_Nelson_at_Farm_Aid_2009.jpg; and

(5) other information about the image taken, such as camera, exposure length, resolution, etc.

In order to find in the plaintiff's favor, you must find that he proved by a preponderance of the evidence that the defendant intentionally removed or altered his copyright management information without his authority or the authority of the law.

The plaintiff must also prove that the defendant did such action knowing, or having reasonable grounds to know, that doing so would induce, enable, facilitate, or conceal copyright infringement.[25]

As I previously instructed you, you have heard testimony about evidence which has not been produced; namely, the original, electronic website post that the plaintiff alleges the defendant posted on its website and which is at issue in this case.  The Court has previously found that this evidence was in the defendant's control and would have proven facts material to the matter in controversy.

You are instructed to infer that this evidence would have been unfavorable to the defendant.[26]

If you find that the defendant violated the DMCA, the amount you may award as statutory damages is not less than $2,500, nor more than $25,000 for each such violation.[27]

---

[25] 17 U.S. Code § 1202.
[26] 4-75 Modern Federal Jury Instructions-Civil P 75.01 (2018), as modified as a mandatory spoliation instruction under *Flagg v. City of Detroit*, 715 F.3d 165, 177–178 (6th Cir. 2013).

Respectfully submitted,

*Of Counsel:*

/s/ Stacy A. Cole
**Stacy A. Cole** (94181)
**Shannon O. Egan** (87296)
**J. Stephen Smith** (86612)
*Counsel for Plaintiff*
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Dr., Suite 300
Ft. Mitchell, KY 41017
Phone:    (513) 629-2838
Fax:       (513) 333-4358
E-mail:    scole@graydon.law
              segan@graydon.law

GRAYDON HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH  45202
Phone:   (513) 621-6464
Fax:       (513) 651-3836

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on March 13, 2018 via the CM/ECF system that will send electronic notification to the following counsel of record:

William W. Allen
GESS MATTINGLY & ATCHISON, P.S.C.
201 West Short Street
Lexington, Kentucky 40507-1269
E-Mail: wallen@gmalaw.com
*Counsel for Defendant*

/s/ Stacy A. Cole
**Stacy A. Cole** (94181)

---

[27] *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928 (N.D. Tex. May 1, 2013).

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| **LARRY G. PHILPOT,** | ) | **Case No: 5:17-CV-173-JMH** |
| | ) | |
| **Plaintiff** | ) | **Judge Joseph M. Hood** |
| | ) | **Magistrate Judge Edward B. Atkins** |
| **vs.** | ) | |
| | ) | |
| **L.M. COMMUNICATIONS II OF S.C., INC.,** | ) | **VERDICT FORM** |
| | ) | |
| **Defendant.** | ) | |

We, the jury, unanimously find as follows:

**COPYRIGHT ACT INFRINGEMENT**

1. Is the defendant liable to the plaintiff for copyright infringement under the U.S. Copyright Act?

Yes ____                                    No ____

INSTRUCTION: If you answered "yes," continue.  If you answered "no" in response to Question 1, skip the remaining questions and have your foreperson sign and date the Verdict Form.

**DAMAGES**

2. If you found the defendant liable for copyright infringement under the U.S. Copyright Act, then was the infringement willful?

Yes ____                                    No ____

3.  If you found the defendant liable for copyright infringement under the U.S. Copyright Act, then was the infringement innocent?

Yes ____                                            No ____


4.  What amount of statutory damages is the plaintiff entitled to recover?  (If the infringement is neither willful nor innocent, the amount may be between $750 and $30,000.  If you found the infringement to be willful, the amount may be increased to $150,000, or if you found the infringement to be innocent, the amount may be decreased to $200.)

$_____


**DMCA**

5.  Did the defendant intentionally remove or alter plaintiff's copyright management information without plaintiff's authority or the authority of the law?

Yes ____                                            No ____

INSTRUCTION: If you answered "yes," continue.  If you answered "no" in response to Question 5, skip the remaining question and have your foreperson sign and date the Verdict Form.


6.  If yes, what amount of statutory damages is the plaintiff entitled to recover? (The amount may be between $2,500 and $25,000.)

$_____

**SO SAY WE ALL.**

_____           _____
Signature of Foreperson                              Date of Verdict