IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **LARRY G. PHILPOT,** | ) Case No: 5:17-CV-173-JMH |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| **L.M. COMMUNICATIONS II OF S.C., INC.,** | ) **PLAINTIFF LARRY G. PHILPOT'S** |
| | ) **REPLY IN SUPPORT OF MOTION FOR** |
| Defendant. | ) **SANCTIONS** |

Plaintiff Larry G. Philpot's Motion for Sanctions should be granted. And Defendant L.M. Communications II of S.C., Inc.'s ("LMC") Memorandum in Opposition to Philpot's Motion for Summary Judgment (Doc. 52) and Memorandum in Opposition to Philpot's Motion for Sanctions (Doc. 53)[1] demonstrates exactly *why* Philpot's Motion should be granted.

In its Opposition to Philpot's Summary Judgment Motion, LMC literally argues (Doc. 52 at 593) that Philpot does not know whether the photograph of the Nelson Photo that LMC posted contained or altered any metadata. But, the reason that Philpot does not –and cannot – know whether metadata was stripped is because LMC did not properly preserve a native copy of the Photo or the post.

LMC tries to minimize its behavior by arguing that it took and produced screen shots (Exhibits A and B to LMC's Memorandum in Opposition to Philpot's Motion for Sanctions (Doc.

---

[1] The Fact section that LMC used for its Memorandum in Opposition to Philpot's Motion for Sanctions is substantially the same as the fact section used for its Memorandum in Opposition to Philpot's Motion for Summary Judgment. Philpot will therefore refer the Court to his Reply to Statement of Facts it is filing in connection with its Reply in Support of Motion for Summary Judgment.

1

53 at 822-825).) These screenshots, however, tell very little if anything. There is no date associated with the screen shot and there is no way to tell the condition of the photo in which LMC's employee found it or where they found it. It does not show any metadata or coding associated with the post or Photo. The screenshots also don't tell the story of what LMC did with the Nelson Photo before posting. Moreover, the screenshots are not even authenticated, and were produced after Philpot deposed LMC's corporate representative. In other words, the screenshots are of no evidentiary value, and do not substitute for properly preserved evidence, including a native version of the post and Photo as it was posted.

As detailed in Philpot's Motion, Philpot is entitled to sanctions because LMC destroyed, i.e., deleted the native photograph and post, and took no steps to properly preserve evidence – only taking "screenshots" that are unauthenticated, unexplained, and produced late. Moreover, *LMC did not even take a screenshot of the actual post*. LMC's arguments to avoid sanctions are unpersuasive and should be rejected.

### A. LMC's Argument that Philpot's Motion for Sanctions Should Be Denied Because He Has No Evidence that LMC Stripped Metadata Is Nonsensical.

LMC's first argument literally proves why LMC should be sanctioned. Specifically, LMC argues that Philpot accuses LMC of stripping copyright management information or metadata but does not have evidence to prove that accusation.[2] LMC further argues that

---

[2] While Philpot testified that he did not know that LMC removed metadata or attribution information, he testified that he did not see any associated attribution or metadata when he discovered the post:
Q. Okay. You alleged that the metadata was stripped from the photo, but just a moment ago you repeated your testimony that you did not know whether or not L.M. Communications stripped metadata?
A. Well, let me clarify that. I consider the metadata to have my name, to be an attribution of my name, because the metadata is one of my exhibits shows Larry Philpot. I don't see it underneath it so that is what I am referring to by my metadata.

2

Philpot testified that he did not have any evidence that the copy of the Nelson Photo that LMC used contained metadata. But, the point of the matter is that Philpot does not know because *LMC* failed to properly preserve evidence. Philpot cannot know because LMC did not retain or provide a native copy of the Nelson Photo or post. So, Philpot is asking for sanctions precisely *because* LMC hindered his ability to prove the Digital Millennium Copyright Act ("DMCA") claim by not preserving relevant evidence. Philpot testified during his deposition about why it was important for him to have a digital copy of the image or web page:

> * * * That image that L.M. used specifically can tell us whether or not the metadata was removed. And if the metadata is removed, then that brings into two more paragraphs of the Copyright Law.

(Philpot Depo. at 55, Exhibit A to LMC's Memorandum in Opposition, Doc. 52-1 at 660.)

LMC's other argument, the "he didn't do it either" argument, is not only reminiscent of a child when he gets caught not doing a chore and points to his brother, but is misplaced. LMC argues that "Philpot testified that he did not know whether or not HE made a digital copy of the Nelson Photo when he discovered it on [LMC's] website on April 29, 2014. " (Doc. 53 at 817.) But, Philpot never had access to the native or digital copy of the Nelson Photo posted by LMC – only LMC could have access to its backend coding. In other words, it was not in Philpot's control to preserve. Nevertheless, Philpot did create a screenshot of the infringing post and Nelson Photo on LMC's website, and provided it in this matter.

### B. <u>LMC Has Not Defended the Destruction of the Native Post.</u>

When Philpot filed its Motion for Sanctions, LMC had not provided a copy of the post,

---

(Philpot Depo. at 68, exhibit A to LMC's Memorandum in Opposition to Motion for Summary Judgment, Doc. 52-1, 673). Philpot also explained that title of the Photo is included in the metadata and was not present in the offending post he saw. (*Id.* at 70-71, 52-1, 675-76.)

3

let alone a native copy. Following Philpot's Motion, LMC's counsel provided two documents that he explained might be screenshots of the post. Relying on that, LMC argues that Philpot's argument that LMC destroyed evidence is false. (Doc. 53 at 817-18.) But, LMC fails completely to refute the fact that it has not produced and does not have a native copy of Nelson Photo it used or of the post. Even a cursory review of the two screenshots makes it obvious that is the case – any layperson can see that.

Instead, LMC makes light of its obligations to preserve evidence "'native' format (whatever that means)" (Doc. 53 at 819.) Whether or not LMC knows what native means, it had an obligation to preserve all potentially relevant evidence and it fell short of that obligation. *Not* knowing does not relieve LMC from any of its obligations. *See, e.g., Martin v. Northwestern Mut. Life Ins. Co.*, 2006 WL 148991 (M.D. Fla. Jan. 19, 2006) (holding that because defense counsel was not computer saavy and, therefore, incapable of retrieving emails did not serve as a good faith defense to a sanctions motion).[3] The Court should sanction LMC for its failure to preserve evidence.

C. **LMC's State of Mind and Philpot's Demand Letter.**

LMC argues that it could not have destroyed evidence and lacks culpability because Philpot asked LMC to remove the post and it did. It is a far stretch to argue that because Philpot asked LMC to take down the infringing post, that it was somehow inviting LMC to

---

[3] Courts have repeatedly emphasized the paramount role of the lawyer in fulfilling a *client's* duty to preserve evidence. "Once on notice, the obligation to preserve evidence runs first to counsel, who then has a duty to advise and explain to the client its obligation to retain pertinent documents that may be relevant to the litigation." *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y. 1999). However, the trigger of that obligation is not when a client alerts its counsel, but when "a *party* is put on notice that it has a duty to preserve evidence." *Clark Constr. Group, Inc. v. City of Memphis*, 229 F.R.D. 131, 136 (W.D. Tenn. 2005); *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003).

destroy evidence. LMC further tries to shift the blame by arguing that it is Philpot's fault that LMC did not properly preserve evidence because Philpot's cease and desist letter did not specifically mention a digital copy. First, it is not Philpot's duty to advise LMC specifically on what it should do to meet its obligation to preserve evidence. LMC's argument that Philpot somehow tried to trick LMC into destroying evidence is meritless. Philpot's letter put LMC on notice:

> I also must advise you at this point that, under the Federal Rules of Civil Procedure as interpreted by courts in the Southern District of Indiana, L.M. Communications must take immediate steps to assure that information (**both in paper and electronically-stored form**) **relating to the use of my image is not altered, deleted, or otherwise tampered with.** Accordingly, please construe this letter as a formal notice of your company's continuing legal obligation to **preserve all such information** until further advised.

(Emphasis added; Doc. 52-1 at 729.)

LMC's argument that it did lacked a culpable state of mind because there is no evidence that anyone with managerial authority at LMC either authorized or directed the post be removed, or authored, directed, or even knew about the deletion of metadata, is meritless. Because LMC had no standards and provided no training to interns or employees about posting online content, it cannot now wash its hands of what those interns or employees did. The same is true about the deletion of the post. And, LMC makes much ado about the fact that its sole shareholder was in Australia when Philpot's letter was received, that certainly suggests that he was involved in the response. (Doc. 53 at 814.)

      D.     <u>**LMC's Unsupported Opinion that a Digital Copy Would Not Have Been Admissible is a Red-Herring.**</u>

As a last-ditch effort to avoid sanctions, LMC argues that its spoliation does not matter.

LMC backs into that argument by arguing without any citation to case law that Philpot cannot prove that LMC removed metadata without an expert witness and did not disclose an expert by the Court's deadline. This is backwards and contradicts basic common sense. Simply, because LMC failed to preserve evidence, *there was nothing for an expert to review*. This after-thought argument does not change that LMC failed to preserve and in fact destroyed evidence. As such, the Court should reject LMC's "sorry – not sorry – it doesn't matter anyway" argument.

### E. Conclusion.

For all the reasons stated, the Court should grant Philpot's Motion for Sanctions and order an adverse inference instruction be given to the jury should this case go to trial.

Respectfully submitted,

*Of Counsel:*

GRAYDON HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 621-6464
Fax: (513) 651-3836

/s/ Stacy A. Cole
**Stacy A. Cole** (94181)
**Shannon O. Egan** (87296)
**J. Stephen Smith** (86612)
*Counsel for Plaintiff*
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Dr., Suite 300
Ft. Mitchell, KY 41017
Phone: (513) 629-2838
Fax: (513) 333-4358
E-mail: scole@graydon.law
segan@graydon.law

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that the foregoing was filed on March 23, 2018 via the CM/ECF system that will send electronic notification to the following counsel of record:

William W. Allen
GESS MATTINGLY & ATCHISON, P.S.C.
201 West Short Street
Lexington, Kentucky 40507-1269
E-Mail: wallen@gmalaw.com
*Counsel for Defendant*

                */s/ Stacy A. Cole*
                **Stacy A. Cole** (94181)

8388955.2