UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LARRY G. PHILPOT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:17-CV-173-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| L.M. COMMUNICATIONS II OF | ) | **AMENDED PRETRIAL ORDER** |
| SOUTH CAROLINA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter came before the undersigned for a telephone status conference on May 7, 2018.[1] [R. 71]  The Court and the parties discussed rescheduling the trial and pretrial conference dates, and further discussed the pending motions before the Court.

The Court's previous scheduling order [R. 15] is hereby **AMENDED** as follows:

1. The following deadlines shall be observed in this action:

    (a) The Jury Trial previously set for May 22, 2018 to begin at 9:00 a.m. is **RESCHEDULED** to take place on **Tuesday, August 14, 2018, at 9:00 a.m.**, in accordance with ¶ 3 *infra*; and

    (b) The parties' final pretrial conference previously set for Monday, April 30, 2018 at 11:30 a.m. that was continued generally pursuant to [R. 71] is **RESCHEDULED** to **Monday, July 16, 2018 at 11:30 a.m.** in accordance with ¶ 2 *infra*.

---

[1] A digital audio recording of the conference may be requested from the Clerk of Court by reference to KYED-LEX__5-17-cv-173-CHB-EBA_20180507_105453.

1

2. This matter is assigned for a *telephonic* pretrial conference before the Honorable Claria Horn Boom on **Monday, July 16, 2018, at 11:30 a.m.** The parties are to call 888-363-4735, using access code 9522526. Please dial in a few minutes before the conference is scheduled to begin.

3. This action is hereby set for TRIAL BY JURY on **Tuesday**, **August 14, 2018** to begin at **9:00 a.m.** at the United States Courthouse, Lexington, Kentucky. Counsel should be present by 8:30 a.m. The anticipated length of trial is 3 days.

4. **IT IS FURTHER ORDERED** that the parties will attend a settlement conference before Magistrate Judge Edward B. Atkins prior to the date of the pretrial conference.

5. **No later than seven (7) days before the pretrial conference**, counsel shall file the following:

> (a) a list of witnesses and exhibits in accordance with the Fed.R.Civ.P. 26(a)(3), to include the following:
>
>> (i) the witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed.R. Civ. P. 26(a)(3)(ii);
>>
>> (ii) the witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered; and
>>
>> (iii) the exhibit lists shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof, and shall include a list of

        any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements);

(b) any appropriate motions in limine;

(c) the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is necessary prior to trial. Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the Court shall be deemed to be summarily overruled;

(d) a pretrial memorandum brief containing the following:

    (i) a succinct statement of the facts of the case;

    (ii) the issues of fact to be resolved at trial (including each party's position on the disputed issue);

    (iii) the disputed issues of law that must be resolved in connection with the trial (including each party's position on the disputed issue);

    (iv) expected evidentiary objections;

    (v) a list of all pending motions;

    (vi) the status of settlement negotiations and the likelihood of settlement; and

    (vii) the feasibility of alternative dispute resolution;

(e) proposed agreed jury instructions with supporting authorities. Counsel shall exchange drafts of instructions in advance and endeavor to agree; in the absence of agreement, separate instructions shall be filed, by the same deadline, including citation to supporting authorities; and

3

    (f) proposed voir dire questions for the Court's use, and a joint statement of the case that may be read to the jury panel during voir dire.

6. **No later than three (3) days before the pretrial conference**, the parties shall file:

   (a) written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown;

   (b) responses to any other party's motion in limine; and

   (c) responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

7. At the pretrial conference, counsel for the parties shall be prepared to:

   (a) discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

   (b) disclose any demonstrative or summary exhibits intended for use at trial;

   (c) display to the Court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule 83.10, with numbers in the order expected to be introduced at trial. Counsel shall provide the Court with a copy of all documentary exhibits. Failure to disclose exhibits to the Court and to opposing counsel at the pretrial conference may be subject to sanctions unless good cause is shown;

   (d) discuss the possibility of settlement; and

   (e) advise the Court of anticipated technological issues that may arise at trial.

8. **No later than seven (7) working days prior to the trial** of this action, counsel shall submit to the Court's Chambers (boom_chambers@kyed.uscourts.gov) a copy of each documentary exhibit.

9. Modification of this schedule is <u>unlikely</u> and will occur only for good cause outside of moving counsel's control, demonstrated by the movant and supported with credible and reasonable justification.

This the 8th Day of June, 2018.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY