IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| LARRY G. PHILPOT, | Case No: 5:17-CV-173-JMH |
| Plaintiff | Judge Claria Horn Boom |
| | Magistrate Judge Edward B. Atkins |
| vs. | |
| L.M. COMMUNICATIONS II OF S.C., INC., | PLAINTIFF LARRY G. PHILPOT'S |
| | SUPPLEMENTAL PRETRIAL |
| Defendant. | MEMORANDUM |

Pursuant to the Court's July 6, 2018 Amended Pretrial Order (Doc. 15), Plaintiff Larry G. Philpot ("Philpot") submits his Supplemental Pretrial Memorandum.

**Supplemental Statement of Facts**

Philpot refers to and incorporates as if fully-restated herein his Pretrial Memorandum filed on March 13, 2018, to the extent those issues were not resolved by the Court in its Memorandum Opinion & Order of July 10, 2018 ("Order") (Doc. 80).

Philpot also relies on the Witness List it previously filed in this matter (Doc. 60).

Philpot further states that in light of the Court's Order on Philpot's request for an adverse inference, Philpot and Defendant LM Communications II of South Carolina ("LMC"), Philpot has elected not to pursue specific damages available under the Digital Millennium Copyright Act on his claim under 17 U.S.C. § 502, and the parties have jointly elected to try Mr. Philpot's claim to the bench, rather than to a jury. A notice of waiver of jury trial will be separately filed herein.

**Questions of Fact**

In light of the Court's Order, and Philpot's election not to pursue damages under the DMCA, the following questions of fact remain for the Court's determination:

1. **Was LMC's infringement of Philpot's copyright in the Nelson Photo willful within the meaning of 17 U.S.C. § 504(c)?**

The question whether a defendant's infringement was willful is a question of fact. *See Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991-992 (9th Cir.2017). "To prove willfulness, a plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willfull blindness to, the copyright holder's rights." *Id.* at 991 (internal quotations and original formatting omitted). A defendant's reckless failure to make a reasonable inquiry regarding whether materials were subject to copyright may support a finding of willfulness. *See id. See also Gener-Villar v. Adcom Group, Inc.*, 560 F.Supp.2d 112, 133 (D.P.R.2008) (finding of willfulness where defendant did not "trouble itself to investigate, let alone forbid" whether advertisements being produced for its benefit infringed copyrighted material).

**Questions of Law**

1. **What statutory damages is Philpot entitled to?**

In determining the above issue, the Court may consider a set of non-exhaustive factors, including

> the nature of the infringement; the defendant's purpose and intent, the profit that the defendant reaped, if any, and/or the expense that the defendant saved; the revenue lost by the plaintiff as a result of the infringement; the value of the copyright; the duration of the infringement; the defendant's continuation of

>infringement after notice or knowledge of copyright claims; and the need to deter this defendant and other potential infringers.

*Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 503-504 (1st Cir.2011). *See, e.g.*, *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (finding willfulness and awarding attorneys' fees, concluding that "a party may act recklessly by refusing, as a matter of policy, to even investigate or attempt to determine whether particular designs are subject to copyright protections.")

**2.     What, if any, attorneys' fees is Philpot entitled to?**

Under 17 U.S.C. § 505, Philpot requests his reasonable attorneys as the prevailing party on liability in this matter, the amount of which will be separately submitted to the extent the Court orders attorneys' fees to Philpot. The award of attorneys' fees is at the Court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 127 L. Ed. 2d 455, 114 S. Ct. 1023 (1994).

The Court should consider "the conduct of the non-prevailing party when determining whether an award of fees is appropriate. Such factors include frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence." *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004), citing *Fogerty*, at 534.

|  | Respectfully submitted, |
|---|---|
| *Of Counsel:* | /s/ *Stacy A. Cole* |
|  | **Stacy A. Cole** (94181) |
|  | **Darren W. Ford** (95373) |
| GRAYDON HEAD & RITCHEY LLP | *Counsel for Plaintiff* |
| 312 Walnut Street, Suite 1800 | GRAYDON HEAD & RITCHEY LLP |
| Cincinnati, OH  45202 | 2400 Chamber Center Dr., Suite 300 |
| Phone:   (513) 621-6464 | Ft. Mitchell, KY 41017 |
| Fax:       (513) 651-3836 | Phone:   (513) 629-2838 |
|  | Fax:       (513) 333-4358 |
|  | E-mail:   scole@graydon.law |
|  |                dford@graydon.law |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed on July 13, 2018 via the CM/ECF system that will send electronic notification to the following counsel of record:

William W. Allen
GESS MATTINGLY & ATCHISON, P.S.C.
201 West Short Street
Lexington, Kentucky 40507-1269
E-Mail: wallen@gmalaw.com
*Counsel for Defendant*

/s/ *Stacy A. Cole*
**Stacy A. Cole** (94181)

8784999.1